## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | Case No. 18-CR-3495 JCH |
| ) | |
| **vs.** ) | |
| ) | |
| **DOUGLAS D. SMITH,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE

Douglas D. Smith, Defendant, by and through undersigned counsel Aric G. Elsenheimer, moves the court to continue the jury trial currently scheduled for December 10, 2018 and to vacate and reschedule all other deadlines and settings in this matter. In support of this motion, Mr. Smith states:

1. Mr. Smith pleaded not guilty to an indictment on November 6, 2018. Mr. Smith is charged by indictment with Second Degree Murder.

2. Trial in this matter is currently scheduled for December 10, 2018.

3. Mr. Smith respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Smith requests an additional ninety days from the current setting to prepare for trial. Ninety days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of ninety days from the current setting.   This is Mr. Smith's first request for a continuance.

4. A continuance of ninety days is necessary for counsel to complete the following tasks:

      A)     To review discovery and to conduct an investigation.

      B)     To prepare and file pretrial motions. Given the nature of the charges, counsel believes that there may be significant motions litigation involved with this case and requires additional time to review the discovery, research possible motions and to prepare and file those motions.

      C)     Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; c) to file pretrial motions.

      D)     To consult with and obtain expert witnesses as they may be necessary as part of Mr. Smith's defense at a trial.

5.     Mr. Smith requests a continuance of the trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to obtain outstanding discovery, to conduct any follow-up investigation, to continue plea negotiations with the government, to file pretrial motions, to accommodate counsel's scheduling conflicts and to ensure that Mr. Smith receives effective assistance of counsel and is accorded due process.

6.     Mr. Smith's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Smith will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Mr. Smith agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Smith and will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Mr. Smith his rights under the Speedy Trial Act and Mr. Smith understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

8. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Smith by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Counsel for the government, Novaline Wilson, does not oppose this motion.

WHEREFORE, Mr. Smith, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

*Electronically filed November 14, 2018*
/s/ Aric G. Elsenheimer
Assistant Federal Public Defender

### CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Novaline Wilson, Assistant United States Attorney.

*Electronically filed November 14, 2018*
/s/ Aric G. Elsenheimer
Assistant Federal Public Defender