IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| v. | § § § | No.   CR 1:18-03495-001 JCH |
| DOUGLAS D. SMITH, | § § | |
| Defendant. | § § | |

**Sentencing memorandum**

Douglas Smith is a 72-year-old man who has lived at his house since he was in the third grade. Mr. Smith is kind and peaceful. He was convicted of involuntary manslaughter because of a terrible accident that occurred in the early morning hours of May 5, 2018. Mr. Smith, as the Court knows from trial, was roused from sleep by the sound of an intruder outside of his house. Mr. Smith stepped outside his door and saw a person standing next to a trailer on his property. When the door behind him closed, the person crouched down. Mr. Smith could not see if the person had anything in their hands but could tell that the person was looking at

him. Mr. Smith fired a shot off to his left of the person. After the gunshot, the intruder ran around Mr. Smith's property. Mr. Smith, shaken and afraid, waited until he thought the person had left the property and then fired three more times toward a woodpile on his property. Mr. Smith feels terrible about what happened and is deeply sorry about what happened to M.G. He understands her family's loss and the pain they have suffered and wants them to know he is very sorry for what happened.

 Mr. Smith requests a sentence of three years of probation. A host of factors support this sentence. Mr. Smith has no criminal history. His history of good, law-abiding behavior has been echoed by his over three years on pretrial release and his demonstrated compliance with each and every term of his release. Mr. Smith's age also supports a variance from the guideline range, a sentence of probation, accompanied by a period of one year home confinement. Mr. Smith is 72 years old. His advanced age supports a significant variance from the guideline range. Lastly, Mr. Smith's conduct in this case was brought about by the presence of an intruder on his property in the very early morning hours. Mr. Smith did not go out in

search of trouble. He was lying in bed and trying to fall asleep. M.G., likely along with at least one other person, trespassed on his property and tried to break into his trailer. Mr. Smith knows that he made a mistake and has accepted responsibility for that mistake. But the victim's own conduct of trespassing on his property and trying to break into his trailer must also be taken into account. This conduct, coupled with Mr. Smith's age and his long life of being a model citizen, supports a significant variance from the guidelines and a sentence of three years of probation.

In fashioning a sentence under 18 U.S.C. § 3553(a), a court must look to the statutory purposes of sentencing, which can be generalized as follows: 1) the nature and circumstances of the offense and the history and characteristic of the defendant; 2) the need for the sentence to: a) reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct; c) to protect the public from further crimes of the defendant; and d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment; and 3) the kinds of

sentences available and the applicable sentencing guidelines and policy statements, including the need to avoid unwarranted sentencing disparities. A review of these factors strongly supports a sentence of probation in Mr. Smith's case.

### *Nature and circumstances of the offense*

Mr. Smith deeply regrets his lack of caution in this case. He was, as he stated to law enforcement and repeated in his testimony, scared and in fear when he was on his back porch. Confronting an intruder, in the middle of the night on one's property, is terrifying. Mr. Smith reacted by firing a shot to the left of that intruder and then firing three more shots after he thought the intruder had left his property. He did not aim at the intruder. He did not try to hit that intruder. The jury's acquittal of Mr. Smith on the charge of second-degree murder confirms Mr. Smith's repeated statements to law enforcement and the jury.

Mr. Smith did not act with malice and he did not act with indifference to the life of others. He was terrified when confronted by an intruder in the early hours of the night. M.G., and whoever else was with

her, had no business on his property and Mr. Smith fired only to scare that person away. Mr. Smith lacked the due caution the law calls for, and he knows, in the clear light of morning that he should have been more careful. But caution is difficult to exercise in the early hours of the morning under the cover of darkness when confronted by an intruder. It is also understandable against the background of law enforcement's inability to address the problems of drug addiction, burglary, and trespassing that afflict the community of Espanola.

### *Mr. Smith's history and characteristics*

Mr. Smith is a 72-year-old man with no criminal history. He has a reckless driving charge from the mid-1970s. There is not one entry on his criminal history in the intervening 30 plus years. Few people can claim such a sterling criminal history, devoid of even minor traffic offenses. Mr. Smith helps his neighbors, attends church, and takes care of his family's property in Espanola. Mr. Smith is not a danger to his community, not a danger to others, and a threat to no one. Such a background provides significant justification for a sentence of probation. *See United States v.*

*Baker*, 502 F.3d 465 (6th Cir. 2007) (where defendant pled guilty to possession of unregistered firearm arising from altercation with wife during which gun accidentally discharged and guideline range 27-33 months, below-guideline sentence of probation with one year house arrest in part because incarceration not necessary to protect the public).

> *The need for a sentence to promote respect for the law and provide just punishment, promote deterrence, and to protect the public.*

Mr. Smith has been on pretrial supervision for three years. He has continued to experience trespassers and break-ins on his property, all without the help of law enforcement. This criminal prosecution has been a long and arduous experience. The question therefore becomes what punishment is just in a case like this.

Mr. Smith did not go out as a vigilante seeking to fight crime. When MG and at least one other person intruded on his property Mr. Smith was at home and in bed. While he did not exercise the caution and circumspection the law requires, he did not do so maliciously or with a feeling of retribution; he did so because he was scared by an intruder

trespassing on his property at 1:00 in the morning. Mr. Smith fired his gun to scare away an intruder. While he knows he should not have fired his gun, his doing so was not borne of rage or malice. It was born of heart-pounding fear. That fear led him to act without caution—what the law calls gross negligence—and fire a gun when he should not have. The punishment appropriate for that type of mistake is a sentence of probation. A term of probation or supervised release is itself a form of punishment and, as the Supreme Court has recognized, is "a substantial restriction of freedom." *Gall v. United States*, 552 U.S. 38 (2007). Such a sentence will serve as an adequate punishment for Mr. Smith, a man who is over 70 and has a lifetime as a model citizen and member of his community.

    A sentence of probation accomplishes the goal of deterrence, particularly in a case such as this where Mr. Smith is not a danger to others nor is he a danger to the public, and he was not seeking trouble but found himself confronted by an intruder on his property, and acted out of that fear.

The circumstances of Mr. Smith's case, his age, and the victim's conduct in intruding on Mr. Smith's land and provoking his actions, all support a variance to a sentence of probation. *See Koon v. United States*, 518 U.S. 81, 100 (1996) (district court acted within its discretion in departing downward five levels based on finding that suspect's wrongful conduct contributed significantly to provoking officers' use of excessive force).

*Wherefore* Mr. Smith requests a sentence of three years of probation.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(5050 346-2494 Fax
aric_elsenheimer@fd.org

_____
ARIC G. ELSENHEIMER, AFPD
Attorney for Defendant

8